UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER SLAPAK, as administrator and personal representative, and individually as surviving spouse of James Slapak, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 16-cv-762-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant United States of America's motion for summary judgment asserting plaintiff Jennifer Slapak failed to exhaust her administrative remedies as to certain claims before filing this lawsuit (Doc. 46). In this case, the plaintiff alleges causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, related to the death of her husband, James Slapak, after being treated by a physician employed by the Christopher Rural Health Planning Corporation/Rea Clinic in DuQuoin, Illinois ("the Clinic"). Counts I and III are based on the Illinois Survival Act, 755 ILCS 5/27-6, and Counts II and IV are based on the Illinois Wrongful Death Act ("WDA"), 740 ILCS 180/1 *et seq*.

**I.      Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520

F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. The parties do not really dispute the essential facts relevant to this motion. Instead, they dispute the reasonable inferences that can be drawn from them and whether the facts and reasonable inferences entitle the United States to judgment as a matter of law.

**II.     Facts**

All parties agree to the following essential facts for the purpose of this motion only. On February 1, 2013, the plaintiff's decedent, James Slapak, underwent hip replacement surgery. After the surgery, Slapak was under the care of Patrick Riley, M.D., a doctor at the Clinic. Dr. Riley evaluated and treated Slapak from February 25, 2013, until March 26, 2013, when Slapak died due to pulmonary emboli.

In January 2015, plaintiff Jennifer Slapak, the wife of the decedent, asked an Illinois court to appoint her Special Administrator for the decedent under the WDA, 740 ILCS 180/2.l. The WDA provides a cause of action for the spouse and next of kin of a decedent to recover for injuries resulting from the decedent's death, including damages for grief, sorrow and mental suffering. 740 ILCS 180/2; *see Murphy v. Martin Oil Co.,* 308 N.E.2d 583, 584 (Ill. 1974). The WDA provides that where no estate is opened and an action under the WDA is the only asset of the estate, the Court may appoint as Special Administrator a person entitled to recover under the act. 740 ILCS 180/2.l. On January 21, 2015, the state court granted the plaintiff's petition and appointed her Special Administrator for Slapak under the WDA.

On January 30, 2015, the plaintiff filed a lawsuit in state court asserting causes of action against Riley and the Clinic under the WDA and the Illinois Survival Act alleging that their negligent, willful and wanton conduct injured Slapak and caused his death. The Survival Act provides, in relevant part, that a personal injury action of the decedent survives the injured party's

2

death and may be pursued by the estate. 755 ILCS 5/27-6; *see Murphy,* 308 N.E.2d at 587. It is "conceptually separable and different" from a wrongful death action. *Murphy*, 308 N.E.2d at 586. The state court complaint specifically alleges that as a result of Dr. Riley's conduct, "James Slapak sustained conscious pain and suffering, disability, and anxiety prior to his death." Compl. Ex. 1 (Doc. 15-2 at 13). In the course of the state court proceedings, the plaintiff learned that Riley and the Clinic were either deemed a federal employee or covered by the FTCA malpractice coverage such that any claim against them needed to be pursued in an FTCA action.

Accordingly, in February 2015, the plaintiff began the process of exhausting her administrative remedies, a prerequisite to filing an FTCA claim. On February 27, 2015, the United States Department of Health and Human Services ("HHS") received an administrative claim on a Standard Form 95 "Claim for Damage, Injury, or Death" ("SF-95") to which the order appointing the plaintiff as Special Administrator under the WDA was attached (Doc. 15-2). On her claim form, the plaintiff identified herself as "as personal representative and special administrator of the Estate of James Slapak." She listed the date and time of the accident as Slapak's time of death, and she stated the following basis for her claim: "Failure to diagnose pulmonary embolism resulting in death of patient." She attached and referenced the complaint she had filed in state court, which clearly pleads WDA and Survival Act claims[1], along with a compact disc containing Slapak's medical records. In the space provided to state the nature and extent of the injury or cause of death that formed the basis of the claim, the plaintiff wrote, "James Slapak died on March 26, 2013. His surviving spouse is Jennifer Slapak." In the space provided to list the amount of her claim, the plaintiff wrote "$12,000,000" in the space designated for

---

[1] The statutory citations pled in the WDA and Survival Act claims in the state court action are incorrect. The counts labeled "Wrongful Death" cite the Survival Act, *see, e.g.,* Count V, and the counts labeled "Survival Act" cite (with typographical errors referring to the incorrect chapter of the Illinois Compiled Statutes) the WDA, *see, e.g.,* Count IX. Nevertheless, it is apparent from the content of the pleading that the plaintiff intended to bring both types of causes of action.

3

wrongful death, left blank the space designated for personal injury, and wrote "$12,000,000" in the space designated for her total claim. The SF-95 was signed by the plaintiff's attorney, who provided evidence he was authorized to represent her.

In a letter dated March 16, 2015, HHS acknowledged receipt of the plaintiff's administrative claim, which it described simply as a wrongful death claim. The plaintiff did not object to this characterization of her claim. HHS denied the claim on January 8, 2016, and the plaintiff did not seek reconsideration of that decision.

On June 23, 2016, the plaintiff petitioned an Illinois state court to issue her letters of independent administration under the Probate Act, 755 ILCS 5/9-4. In her petition, she noted that she had been appointed Special Administrator for the prosecution of a wrongful death claim but that since then "facts have come to light that suggest the estate may have claims under the Survival Act relating to injuries suffered by decedent immediately prior to his death that would properly be property of the estate" (Doc. 46-3). The Court granted her petition the day it was filed and issued the letters of independent administration.

On July 7, 2016, the plaintiff filed this lawsuit under the FTCA alleging wrongful death and survival claims based on the conduct of Riley and the Clinic. Counts I and III are personal injury claims under the Illinois Survival Act, 755 ILCS 5/27-6, and Counts II and IV are based on the WDA, 740 ILCS 180/1 *et seq*. The United States asks the Court for summary judgment on Counts I and III, the Survival Act claims. It argues that the plaintiff did not include a personal injury claim for Slapak's pain, suffering and injuries before he died, but instead included only a wrongful death claim. It argues, therefore, that the plaintiff did not exhaust her administrative remedies for her Survival Act claims.

In response, the plaintiff urges the Court to liberally construe her administrative claim for

4

medical negligence to cover survival as well as wrongful death claims. Specifically, she notes that she pled claims under the Survival Act in the state court complaint attached to her administrative claim form, which gave the United States sufficient notice of those claims to enable it to investigate and settle the claims.

**III.     Analysis**

The Court must deny summary judgment for the United States on Counts I and III because there is a genuine issue of material fact regarding whether the plaintiff exhausted her administrative remedies on those claims before filing this suit.

An FTCA plaintiff must first present her claim to the appropriate federal agency and cannot file a suit until the agency has made a final disposition of the claim. 28 U.S.C. § 2675(a); *see McNeil v. United States,* 508 U.S. 106, 111-13 (1993); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). The purpose of the exhaustion requirement is "to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (citing *McNeil*, 508 U.S. at 112 n.7 (citing S. Rep. No. 89-1327, at 3 (1966), *as reprinted in* U.S.C.C.A.N. 2515, 2517)). If a plaintiff fails to exhaust administrative remedies before she brings suit, the court must dismiss her claim. *McNeil*, 508 U.S. at 113; *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

Federal regulations define what it means to present a claim to a federal agency:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

5

28 C.F.R. § 14.2(a); *see Palay*, 349 F.3d at 425; *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997). Thus, there are four elements of an administrative claim: (i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant. *Kanar*, 118 F.3d at 528. The Court of Appeals for the Seventh Circuit views these requirements not as jurisdictional but as definitional in that they define as a statutory matter what "presenting a claim" means rather than limit the power of the Court. *Smoke Shop*, 761 F.3d at 787 (citing *Kanar*, 118 F.3d at 530). Thus, there is room to tolerate technical shortcomings as long as "the proper agency had the opportunity to settle the claim for money damages before the point of suit," *Smoke Shop*, 761 F.3d at 787, and the shortcomings do "not hinder the settlement process that a claim is supposed to initiate," *Kanar*, 118 F.3d at 531.

To adequately notify an agency of the incident, a claimant need not plead legal theories, but she must at a minimum plead the pertinent facts such that the agency receives sufficient notice to enable it to investigate the claim. *Palay*, 349 F.3d at 425-26; *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996). The Court should generously construe an administrative claim form's pleading of the facts, and if "the claim would have been apparent to a legally sophisticated reader of the [claim] form, then we will charge the agency with notice of that claim and deem it to have been exhausted." *Palay*, 349 F.3d at 425-26 (internal quotations omitted). The facts must simply be sufficient to put the agency on notice to enable it to investigate the claim. *Id.* at 426.

The claimant must also place a value on her claim. *Charlton v. United States*, 743 F.2d 557, 559-60 (7th Cir. 1984) (*per curiam*). However, the failure to specify a "sum certain" is not fatal to a claim because it is unlikely to derail the settlement process and the claimant might not know at the time the full measure of her loss. *Khan v. United States*, 808 F.3d 1169, 1172 (7th

Cir. 2015), *cert. denied*, 136 S. Ct. 2025 (2016). Nevertheless, an FTCA suit "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency" unless newly discovered evidence or intervening facts justify a larger damage amount. 28 U.S.C. § 2675(b); *see Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003).

"All that must be specified, therefore, is 'facts plus a demand for money;' if those two things are specified, 'the claim encompasses any cause of action fairly implicit in the facts.'" *Khan*, 808 F.3d at 1172-73 (quoting *Murrey,* 73 F.3d at 1452).

The final two requirements for presentation of a claim – the title or capacity of the person signing and evidence of this person's authority to represent the claimant – necessarily encompass the question of whether the claimant is even entitled to bring the claim. A personal injury claim must be presented by the injured person, his agent or his legal representative, and a wrongful death claim must be presented by the representative of the estate. 28 C.F.R. § 14.3(b) & (c). These presentation requirements are likewise viewed through the lens of whether they hamper settlement. *See Kanar*, 118 F.3d at 531. For example, where an SF-95 signer has authority to represent a claimant but the claimant has no authority to present a claim, settlement of the claim is impossible, so the claim should not count toward exhaustion. However, the failure to provide evidence of capacity and authority with the original claim is not fatal if, upon request from the agency, appropriate documentation is provided and the settlement process is not frustrated. *Kanar*, 118 F.3d at 531. (stating that, had the claimant's attorney provided the missing evidence of authority to represent the claimant, "we would be inclined to treat his original papers as close enough to a 'claim' to count.").

There is a genuine issue of material fact about whether the plaintiff's claim was fatally deficient as to its presentation of a Survival Act personal injury claim. The Court believes a

reasonable fact-finder could find the plaintiff's administrative claim did not hinder HHS from investigating and settling both wrongful death and survival claims, the touchstone of whether a claim has been presented to the federal agency.

As for notification of the incident, the facts of Slapak's health problems and Dr. Riley's post-operative treatment are set forth in the state court complaint, medical records and medical summary attached to the SF-95. A legally sophisticated reader of the entire claim, including the attachments, would have realized that a personal injury claim existed and that the plaintiff wished to pursue it, even if it was not clearly articulated on the form itself. Furthermore, the conduct over a four-week period that the plaintiff alleges was responsible for Slapak's death was the same conduct that she alleges caused his pain, suffering, disability and anxiety. HHS's investigation into the personal injury claim would have been nearly identical to what it was already undertaking in its investigation of the wrongful death claim. The absence of any reference to personal injury on the face of the SF-95 did not hinder HHS from investigating or settling claims for any harm caused by Slapak's medical treaters.

The failure to list a personal injury claim amount likewise was not necessarily enough to derail the settlement process because, as noted above, HHS was already investigating the relevant government employee conduct and its consequences and weighing settlement of injury based on that conduct. It is true that the plaintiff may not recover in this action more than the sum certain listed as the total amount of the claim unless she discovers new evidence or the facts change. *See* 28 U.S.C. § 2675; *Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003). However, the absence of a figure in the space for the personal injury claim amount is not fatal where other parts of the administrative claim clearly indicate that the decedent suffered personal injuries before his death and that the plaintiff was seeking some recovery for those injuries.

The United States makes much of the plaintiff's actual lack of ability to represent Slapak's estate in a Survival Act claim and the consequent lack of her attorney's authority to represent Slapak's estate at the time she filed her administrative claim. Again, this is a shortcoming that would not necessarily frustrate the settlement process. Unlike the federal agency in *Kanar*, HHS did not call the plaintiff's attention to the lack of proof of authority to pursue a survival claim, and the plaintiff did not fail to produce authority upon request. Instead, HHS proceeded to investigate as if it assumed she was authorized to pursue all the claims described in her administrative claim, including those she was making as "personal representative . . . of the Estate of James Slapak." Compl. Ex. 1 (Doc. 15-2 at 2). If it had asked for proof, it was likely the plaintiff would have been able to cure the deficiency in short order; the Probate Court immediately appointed her as Independent Administrator when she eventually asked. Her actual lack of authority did not throw a wrench into the administrative process and did not frustrate HHS's investigation or settlement negotiations. At all times it behaved as it if was dealing with a claimant that had authority, and it cannot now complain in retrospect that she did not. Had the plaintiff never received the necessary authority from the Probate Court, this Court might have come to a different conclusion. However, it is clear from the sequence of events that she was eligible to be the Independent Administrator at all relevant times and her failure to do so before filing her SF-95 was a curable error.

This case is distinguishable from *Scally v. Veterans Administration*, No. 03-cv-4208, 2005 WL1498880 (S.D. Ill. June 23, 2005), decided by this very Court more than a decade ago. In that case, as in this case, the United States asked the Court to dismiss for failure to exhaust administrative remedies a survival action by a plaintiff who had not asked for personal injury damages in her SF-95 following her husband's death. *Id.* at *2. In *Scally*, however, the plaintiff

9

had not even hinted at any personal injuries suffered by the decedent before his death in her SF-95 or any attachments. *Id.* at *3. Here, unlike in *Scally*, the plaintiff attached to the SF-95 a pleading setting forth survival claims. This was enough to put the federal agency on notice of such claims and to trigger its duty to investigate and, if meritorious, to attempt to settle them.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the United States' motion for summary judgment (Doc. 46).

**IT IS SO ORDERED.**
**DATED:   February 2, 2018**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**